IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 SEP -4  A 9: 15

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JEROME ROSS and<br>ERNESTINE ROSS,<br><br>Plaintiffs,<br><br>v.<br><br>TONY LESTER d/b/a LESTER<br>LOGGING and PROGRESSIVE<br>SPECIALTY INSURANCE<br>COMPANY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action Number:<br>)<br>) 2:07CV792 - MHT<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

COMES NOW the defendant, Progressive Specialty Insurance Company

("Progressive"), and files this Notice of Removal of this case from the Circuit Court of Pike

County, Alabama, in which it is now pending to the United States District Court for the

Middle District of Alabama, Northern Division, and shows unto the Court the following:

I.

This case was commenced in the Circuit Court of Pike County, Alabama on June 20,

2007 and is now pending in that court.

II.

This case is a civil action for damages arising out of a bad faith claim based upon

Progressive's failure to pay UIM benefits as a result of an automobile accident which

occurred in Pike County, Alabama on June 21, 2005.

III.

The action is one of a civil nature over which the District Courts of the United States have original jurisdiction because of diversity of citizenship and the amount in controversy.

IV.

The matter in dispute exceeds the sum of $75,000, exclusive of interest and costs, as will more fully appear by the plaintiffs' complaint and Progressive's answer which are attached as Exhibit "A". The plaintiffs are seeking in excess of $300,000 for the compensatory and punitive damages.

V.

The plaintiffs, Jerome Ross and Ernestine Ross, were at the time of the commencement of this action, and now are, resident citizens of the state of Alabama.

VI.

The defendant, Tony Lester ("Lester"), was at the time of the commencement of this action, and now is, a resident citizen of the state of Alabama. However, the court entered an order on August 20, 2007 which severed the worker's compensation claims against Lester in count one of the complaint from remaining UIM and bad faith claims against Progressive. A copy of the order is attached as "Exhibit B".

VII.

The defendant Progressive is a corporation incorporated and organized in the state of Ohio, having its principal place of business in the state of Ohio.

VIII.

The petition is timely filed with this Court pursuant to 28 U.S.C. § 1446(b). This notice is being filed within 30 days after the date that the claims against Lester were severed from the claims against Progressive.

IX.

A copy of this Notice of Removal will be filed with the clerk of the Circuit Court of Pike County, Alabama in accordance with 28 U.S.C. § 1446(d).

Progressive requests that this Court will take jurisdiction of this case and will issue all necessary orders and process in order to remove the case from the Circuit Court of Pike County, Alabama, to the United States District Court for the Northern Division of the Middle District of Alabama.

R. Larry Bradford, Attorney for Defendant,
Progressive Specialty Insurance Company
Attorney Bar Code: asb-8038-f64r

OF COUNSEL:

Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216

## CERTIFICATE OF SERVICE

I hereby certify that I have this the _28_ day of August, 2007 served a copy of the foregoing to all attorneys of record by electronically filing and/or placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

John M. Folmar, Esq.
Law Office of Jon M. Folmar
P.O. Box 642
Luverne, AL 36049

Eric Michael Wade, Esq.
Carr Allison, P.C.
256 Honeysuckle Road, Suite 6
Dothan, AL 36301

_____
OF COUNSEL

EXHIBIT "A"

ELECTRONICALLY FILED
6/20/2007 3:16 PM
CV-2007-900056.00
CIRCUIT COURT OF
PIKE COUNTY, ALABAMA
BRENDA PEACOCK, CLERK

## IN THE CIRCUIT COURT FOR PIKE COUNTY, ALABAMA

| | |
|---|---|
| JEROME ROSS and ERNESTINE ROSS, )<br>(<br>    Plaintiffs )<br>(<br>vs. )<br>(<br>TONY LESTER D/B/A LESTER LOGGING )<br>and PROGRESSIVE SPECIALITY (<br>INSURANCE COMPANY, )<br>(<br>and )<br>(<br>FICTITIOUS DEFENDANTS )<br>A, B, C, WHETHER ONE OR MORE, (<br>)<br>    Defendants ( | CASE NO: CV-2007-_____ |

---

## COMPLAINT

---

## PARTIES

1.  The Plaintiff, Jerome Ross, is an adult resident citizen of Pike County, Alabama, and at all times related herein was an employee of the Defendant, Tony Lester D/B/A Lester Logging, Goshen Alabama.

2.  Ernestine Ross is the spouse of Jerome Ross and is an adult resident citizen of Pike County, Alabama.

3.  The Defendant, Tony Lester D/B/A Lester Logging (hereinafter Lester) at all times hereto was the employer of Jerome Ross and was doing business in Pike County, Alabama.

4.  The Defendant, Progressive Speciality Insurance Company, is the insurance company that insured the Defendant, Tony Lester's company vehicles. Said insurance included under-insured motorist coverage and medical coverage.

5.  Fictitious Defendants A, B, C, is that person or entity that aided or contributed to, in any way, the damages or injuries suffered by the Plaintiff, Jerome Ross.

## FACTS

6.  On or about June 21, 2005, the Plaintiff, while under the employment of the Defendant, Lester Logging, was traveling on U.S. Highway 231 in Pike County, Alabama, when his vehicle was struck by another vehicle driven by Brandon Cavottes Neal.

7.  As a direct result and proximate consequence of the traffic accident, the Plaintiff suffered injuries and damages. Soon after the accident he became lame and sore, suffered pain in his back, shoulders, arms, and lower extremities. The Plaintiff undertook medical treatment for his injuries and has continued to do so to date.

8.  While the Plaintiff did return to work, his functions were limited because of his extreme pain. The Plaintiff took pain medication and drank alcoholic beverages because of the pain in attempt to cope.

9.  The Defendant, Lester Logging, eventually terminated the Plaintiff's employment because of his alcohol use and inability to work.

10. At the time of the Plaintiff's accident, he had an average income of $16.31 per hour; $652.42 per week; or $2,827.17 per month while working for the Defendant Lester.

11. Because of the Plaintiff's injuries, he has been unable to return to substantial employment. The Plaintiff has incurred numerous medical bills and has been informed that he will need one or more operations on his back in order to repair ruptured disks.

12. The Plaintiff filed a claim against the driver and owner's insurance carrier, Progressive, and received policy limits as to their insured. However, the policy limits received in the amount of $20,000.00, does not cover all of the Plaintiff's injuries and damages nor does

it cover medical costs to date. Furthermore, the Plaintiff needs one or more costly operations on his back that have not been paid for and are estimated to exceed $40,000.00.

13. The Plaintiff was covered under the Defendant, Tony Lester's, under-insured motorist coverage at the time of the accident. Said coverage included stacking for two vehicles.

## COUNT ONE

14. The Plaintiff realleges and adopts all of the preceding paragraphs as if stated herein full.

15. On or about June 21, 2005, the Plaintiff was injured in an automobile accident while driving for the Defendant, Tony Lester.

16. At the time of the Plaintiff's accident, he had an average weeks wage of $652.42.

17. The Defendant had timely notice of the accident, the injuries, and disabilities the Plaintiff incurred, including pain in his back, spine, and neck and injuries thereto.

18. After the accident, the Plaintiff was required to seek medical attention and requires future surgery. He further suffers from a permanent total disability.

19. The Defendant has failed to pay any disability benefits, and has failed to pay any of the Plaintiff's necessary and reasonable medical expenses.

20. The Defendant has failed to pay all disability benefits to which the Plaintiff is entitled, and has failed to pay all reasonable and necessary medical expenses.

21. Plaintiff and Defendant are subject to the Worker's Compensation Act of the State of Alabama.

**WHEREFORE,** the Plaintiff demands judgement against the Defendant for all compensation and medical expenses to which the Plaintiff is entitled under the Worker's Compensation Act of the State of Alabama, as amended.

## COUNT TWO

22.    The Plaintiff realleges and adopts all of the preceding paragraphs as if stated herein full.

23.    On or about June 21, 2005, the Plaintiff was injured in an automobile accident while driving for the Defendant, Tony Lester.

24.    While driving for the Defendant, the Plaintiff was covered under two of the Defendant's uninsured/under-insured motorist policies. The Plaintiff settled for policy limits against the driver and owner's liability policies that were involved in the accident with the Defendant Lester's insurance companies knowledge and permission.

25.    The Plaintiff's injuries and damages far exceed the available amounts of the driver and owners of the other vehicle's policy limits. The Plaintiff further will require one or more surgeries on his back and spine that are reasonable and necessary in the future due to his injuries.

26.    Prior to filing suit in this case, the Plaintiff's attorney on the Plaintiff's behalf made an oral and written demand to the Defendant, Progressive Speciality Insurance Company, for all applicable policy limits of insurance available through Defendant Lester's uninsured/under-insured motorist coverage with Progressive.

27.    The Defendant, Progressive Speciality Insurance Company, negligently, wantonly, in bad faith, fraudulently, outrageously, and wrongly, failed or refused to settle the aforementioned claim.

28.    The Defendant, Progressive, had no just reason to deny settling the underlying claim within policy limits, especially in light of all previous demands made.

29.    The Defendant, Progressive, had no just or reasonable basis for denying the aforementioned underlying claim and further failed to conduct a reasonable investigation

into the claim before denying the same. The above action and/or inaction of the Defendant constitutes bad faith in refusing to pay the claim and said bad faith proximately caused the Plaintiff to suffer damages, injuries, and mental anguish as a proximate result thereof.

**WHEREFORE,** the Plaintiff demands judgement against the Defendant in the sum of $300,000.00 for compensatory and punitive damages, together with interest and costs of this proceeding.

## COUNT THREE

30.    The Plaintiff realleges all of the preceding paragraphs as if set forth herein full.

31.    On or about June 21, 2005, the Plaintiff was injured in an automobile accident while driving for the Defendant, Tony Lester.

32.    Fictitious Defendant(s) A, B, C, is that person or entity that aided in the actions of the Defendant, Lester, and/or the Defendant, Progressive, whose identity is unknown at this time, but after reasonable investigation and discovery, will be obtained. Fictitious Defendant(s) A, B, C's actions or inactions caused or proximated the damages or injuries to the Plaintiff in the automobile accident or investigation and claims related thereafter.

33.    Fictitious Defendant(s) A, B, C, conspired with, aided, assisted, or contributed to the actions of the Defendant, Lester, and/or the Defendant, Progressive, and their intentional, negligent, wanton, outrageous, fraudulent, bad faith actions proximately caused the Plaintiff's injuries and damages.

**WHEREFORE,** the Plaintiff demands judgement against Defendant(s) A, B, C in the amount of $300,000.00 for compensatory and punitive actions, and together with interest and costs of this proceeding.

## COUNT FOUR

34.   The Plaintiff realleges and adopts all of the preceding paragraphs as if stated herein full.

35.   On or about June 21, 2005, the Plaintiff was injured in an automobile accident while driving for the Defendant, Tony Lester.

36.   The Plaintiff, Ernestine Ross, is the wife of the Plaintiff, Jerome Ross.

37.   The Plaintiff, Jerome Ross, was negligently, wantonly, fraudulently, in bad faith, injured by the Defendants.

38.   As a proximate result of the Defendant's actions, the Plaintiff, Ernestine Ross, was caused to lose the consortium and society of her spouse, Jerome Ross, and she has further suffered mental anguish from the same.

**WHEREFORE,** the Plaintiff demands judgement against the Defendants in the sum of $50,000.00, plus costs.


 /s/ ERNESTINE ROSS                                     /s/ JEROME ROSS
**Ernestine Ross, Plaintiff**                           **Jerome Ross, Plaintiff**



 /s/ JON M. FOLMAR
**Jon M Folmar (FOL007)**
Attorney for the Plaintiffs


**OF COUNSEL:**
The Law Office of Jon M. Folmar
Post Office Box 642
Luverne, Alabama 36049
Tel. (334) 335-4809

Fax (334) 335-5170
Email: folmar@troycable.net

## JURY DEMAND

The Plaintiffs demand a trail by jury on all issues so triable.

Of Counsel:

/s/ JON M. FOLMAR
Jon M. Folmar

## SERVICE OF PROCESS

The Defendants may be served via regular service or certified mail at the following

addresses:

Tony Lester D/B/A Lester Logging
Route 1
Goshen, Alabama
(334) 484-3060

Progressive Speciality Insurance Company
Agent for Service:
John R. Matthews, Jr.
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

Of Counsel:

/s/ JON M. FOLMAR
Jon M. Folmar

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

| | |
|---|---|
| JEROME ROSS and<br>ERNESTINE ROSS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action Number: CV-07-900056<br>) |
| TONY LESTER d/b/a LESTER<br>LOGGING and PROGRESSIVE<br>SPECIALTY INSURANCE<br>COMPANY, et al., | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## ANSWER OF DEFENDANT, PROGRESSIVE SPECIALTY INSURANCE COMPANY ("PROGRESSIVE")

### First Defense

Progressive admits that it issued a policy of commercial auto insurance to Tony Lester. It was in full force and effect at the time of the plaintiff's accident. It provided UIM coverage.

### Second Defense

Progressive denies at this time that the plaintiff is entitled to recover UIM benefits from it; rather, he should be fully compensated for his injuries and damages within the tortfeasor's liability limits.

### Third Defense

Progressive specifically denies that it was guilty of bad faith as alleged in the complaint. It denies that the claims for negligence or wantonness in handling the claim are viable claims under Alabama law. It demands strict proof thereof.

<u>Fourth Defense</u>

Progressive denies that the plaintiff is entitled to recover the items and amounts of damages alleged in the complaint. It demands strict proof thereof.

<u>Fifth Defense</u>

Progressive reserves the right to amend its answer to raise additional or different defenses upon completion of further investigation and discovery.

_____
R. Larry Bradford, Attorney for Defendant,
Progressive Specialty Insurance Company
Attorney Bar Code: BRA039

OF COUNSEL:

Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216
(205) 871-7733

## CERTIFICATE OF SERVICE

I hereby certify that I have this the _23_ day of July, 2007 served a copy of the foregoing to all attorneys of record by electronically filing and/or placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Jon M. Folmar, Esq.
Law Office of Jon M. Folmar
P.O. Box 642
Luverne, AL 36049

Eric Michael Wade, Esq.
Carr Allison, P.C.
256 Honeysuckle Road, Suite 6
Dothan, AL 36301

_____

OF COUNSEL

## E-File Receipt

| County:55 |
| --- |
| Case Number:CV200790005600 |
| Style:JEROME ROSS ET AL V. TONY LESTER ET AL |
| Document Filed:Unknown |
| Electronic Document Stamp:CV2007900056007/24/2007 10:40:20 AMe060aa25-c824-463d-8649-c182fe838c4b |

The following Documents were attached to this filing:

| Title | Description | Location |
| --- | --- | --- |
| ANSWER | Answer of Defendant, Progressive | U:\LD\ross answer.pdf |

Notice of this filing has been electronically served on:

| Party | Attorney | Email |
| --- | --- | --- |
| LESTER TONY DBA LESTER LOGGI | CARR CHARLES F | cfc@carrallison.com |
| ROSS ERNESTINE | FOLMAR JON MITCHELL | folmarlaw@troycable.net |
| LESTER TONY DBA LESTER LOGGI | WADE ERIC MICHAEL | emw@carrallison.com |

Notice of this filing must be served or mailed to the following parties:

| Party | Address | City | State | Zip | Service |
| --- | --- | --- | --- | --- | --- |

Continue

# EXHIBIT "B"

BRADFORD & SEARS, P
FILE: 6022-1655
DATE: 8/21/07

## IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

JEROME ROSS and                          *
ERNESTINE ROSS,
                                         *
        PLAINTIFFS,
                                         *
VS.                                          CASE NO.  CV-2007-900056
                                         *
TONY LESTER d/b/a LESTER
LOGGING and PROGRESSIVE                  *
SPECIALTY INSURANCE
COMPANY, et al.,                         *

        DEFENDANTS.                      *

### ORDER

The Court having considered Defendant, Progressive Specialty Insurance Company's motion to sever, and no objection having been filed, same is hereby granted.

DONE THIS THE 20th day of August, 2007.

_Thomas E. Head, III_
_____
                            CIRCUIT JUDGE



| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>55-CV-2007-900056.00 |
|---|---|---|

### IN THE CIVIL COURT OF PIKE, ALABAMA
### JEROME ROSS v. TONY LESTER

**NOTICE TO**   TONY LESTER, ROUTE 1, GOSHEN AL, 36035

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JON FOLMAR

WHOSE ADDRESS IS P.O. BOX 642, LUVERNE AL, 36049

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☐ Service by certified mail of this summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure

| 6/20/2007 3:16:52 PM | /s BRENDA PEACOCK | |
|---|---|---|
| Date | Clerk/Register | By |

☐ Certified mail is hereby requested   _____

Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____          _____
Date                              Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>55-CV-2007-900056.00 |
|---|---|---|

### IN THE CIVIL COURT OF PIKE, ALABAMA
### JEROME ROSS v. TONY LESTER

**NOTICE TO** PROGRESSIVE SPECIALITY INSURANCE COMPANY, C/O JOHN R. MATTHEWS, JR. 2000

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JON FOLMAR

WHOSE ADDRESS IS P.O. BOX 642, LUVERNE AL, 36049

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of     JEROME ROSS
   pursuant to the Alabama Rules of the Civil Procedure

| 6/20/2007 3:16:52 PM | /s BRENDA PEACOCK | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested     /s JON FOLMAR

Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                    _____
Date                                 Server's Signature



**AlaFile E-Notice**

55-CV-2007-900056.00

Judge: THOMAS E HEAD

To:  FOLMAR JON MITCHELL
     folmarlaw@troycable.net

---

# NOTICE OF SERVICE

---

### IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

### JEROME ROSS ET AL V. TONY LESTER ET AL
### 55-CV-2007-900056.00

The following matter was served on 6/22/2007

### D002 PROGRESSIVE SPECIALITY INSUR
### CERTIFIED MAIL

**BRENDA PEACOCK**
**CIRCUIT COURT CLERK**
PIKE COUNTY, ALABAMA
120 WEST CHURCH STREET
TROY, AL 36340

334-566-4622
brenda.peacock@alacourt.gov



**AlaFile E-Notice**

55-CV-2007-900056.00
Judge: THOMAS E HEAD

To:  FOLMAR JON MITCHELL
     folmarlaw@troycable.net

# NOTICE OF NO SERVICE

### IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

### JEROME ROSS ET AL V. TONY LESTER ET AL
### 55-CV-2007-900056.00

The following matter was not served on 6/29/2007

**D001 LESTER TONY**
**INSUFFICIENT**

**BRENDA PEACOCK**
**CIRCUIT COURT CLERK**
PIKE COUNTY, ALABAMA
120 WEST CHURCH STREET
TROY, AL 36340

334-566-4622
brenda.peacock@alacourt.gov

Insufficient address--possibly lives in Crenshaw County per PCSO



IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

| | |
|---|---|
| JEROME ROSS and<br>ERNESTINE ROSS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO: CV-2007-900056 |
| | ) |
| TONY LESTER d/b/a LESTER | ) |
| LOGGING and PROGRESSIVE | ) |
| SPECIALITY INSURANCE CO., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF APPEARANCE**

COME NOW attorneys, ERIC M. WADE and CHARLES F. CARR, of the law firm CARR

ALLISON, P.C., and file this Notice of Appearance as counsel for the Defendants, TONY

LESTER d/b/a LESTER LOGGING.

Respectfully submitted on this the 18 day of July, 2007.


/s/ Eric M. Wade

ERIC M. WADE (WAD019)
CHARLES F. CARR (CFC012)
Attorneys for Tony Lester d/b/a Lester Logging


**OF COUNSEL:**
CARR ALLISON, P.C.
256 Honeysuckle Road
Brightleaf Court- Suite 6
Dothan, Alabama 36305
(334) 712-6459 telephone
(334) 712-0902 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record either by United States mail, first-class postage prepaid and properly addressed or via Alafile.

DONE on this the 18 day of July, 2007.

Jon M. Folmar, Esq.
P.O. Box 642
Luverne, AL 36049

/s/ Eric M. Wade

---

OF COUNSEL

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

| | |
|---|---|
| JEROME ROSS and<br>ERNESTINE ROSS,<br><br>    Plaintiffs,<br><br>v.<br><br>TONY LESTER d/b/a LESTER<br>LOGGING and PROGRESSIVE<br>SPECIALTY INSURANCE<br>COMPANY, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action Number: CV-07-900056<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO SEVER

COMES NOW the defendant, Progressive Specialty Insurance Company ("Progressive"), pursuant to Rule 21 of the Alabama Rules of Civil Procedure, and moves the court to sever the trial of the worker's compensation claim from the trial of the tort claims. In support of the motion, Progressive shows unto the court the following:

1.    The plaintiffs filed a complaint for worker's compensation benefits against the defendant, Tony Lester. The worker's compensation case is non-jury.

2.    The plaintiffs also included in their complaint UIM and bad faith claims against

Progressive. The plaintiff demanded a jury trial on the tort claims.

3.    The trial of the worker's compensation claim with the trial of the tort claims will result in confusion of the issues and prejudice to the defendants. The witnesses and exhibits will be different for the tort claims from the witnesses and exhibits in the worker's compensation claim.

4.    Thus, Progressive requests the court to sever the trial of the tort claims against it from the trial of the worker's compensation claims against the defendant Lester.

_R. Larry Bradford_ (signature)

R. Larry Bradford, Attorney for Defendant,
Progressive Specialty Insurance Company
Attorney Bar Code: BRA039

OF COUNSEL:

Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216
(205) 871-7733

## CERTIFICATE OF SERVICE

I hereby certify that I have this the __23__ day of July, 2007 served a copy of the foregoing to all attorneys of record by electronically filing and/or placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Jon M. Folmar, Esq.
Law Office of Jon M. Folmar
P.O. Box 642
Luverne, AL 36049

Eric Michael Wade, Esq.
Carr Allison, P.C.
256 Honeysuckle Road, Suite 6
Dothan, AL 36301

_signature_

OF COUNSEL

```
                    DUPLICATE

            Court Name: U S DISTRICT COURT - AL/M
            Division: 2
            Receipt Number: 4602000285
            Cashier ID: cstrecke
            Transaction Date: 09/04/2007
            Payer Name: BRADFORD AND SEARS PC
            ------------------------------------------
            CIVIL FILING FEE
             For: BRADFORD AND SEARS PC
             Case/Party: D-ALM-2-07-CV-000792-000
             Amount:          $350.00
            ------------------------------------------
            CHECK
             Remitter: BRADFORD AND SEARS PC
             Check/Money Order Num: 5210
             Amt Tendered:   $350.00
            ------------------------------------------
            Total Due:       $350.00
            Total Tendered:  $350.00
            Change Amt:      $0.00

            DALM2:07CV000792-MHT

            JEROME ROSS ET AL V. TONY LESTER ET
            AL
```