IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEROME ROSS and<br>ERNESTINE ROSS, | *<br>* 2008 APR 29  9:37<br>* |
| Plaintiffs, | * |
| v. | * CIVIL ACTION NO.: 2:07-cv-792-WKW |
| | * |
| PROGRESSIVE SPECIALTY<br>INSURANCE COMPANY, | *<br>*<br>* |
| Defendant. | * |

### MOTION TO AMEND COMPLAINT

COMES now the Plaintiff, by and through counsel, and moves this Honorable Court for an Order allowing Plaintiff to amend the Complaint previously filed as follows:

That a count for breach of contract for failure to pay uninsured motorist claim to be added to the complaint and all counts regarding bad faith be dismissed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Honorable Court enter an Order allowing Plaintiff to amend his Complaint.

_____
WILLIAM K. ABELL
Attorney for Plaintiff

OF COUNSEL:
**Abell & Associates**
4171 Lomac Street, Suite D
Montgomery, AL 36106
(334) 271-8008

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a true and correct copy of the foregoing document to all counsel of record, as listed below, by electronically filing, on this the 28th day of April, 2008.

_____
OF COUNSEL

Larry Bradford, Esq.
Bradford & Sears, P.C.
2020 Canyon Road, Suite 100
Birmingham, AL 35216

IN THE UNITED STATES DISTRICf COURT
FOR THE MIDDLE DISTRICf OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEROME ROSS and <br> ERNESTINE ROSS, <br><br> Plaintiffs, <br> v. <br><br> **PROGRESSIVE SPECIALTY** <br> INSURANCE COMPANY, <br><br> Defendant. | * <br> * <br> * <br> • <br> •    CML ACTION NO.: <br> • <br> • <br> • <br> • <br> * |

## AMENDED COMPLAINT

COMES now the Plaintiffs, Jerome Ross and Ernestine Ross in the above-styled cause and makes the following Amended Complaint

### PARTIES

1. The Plaintiff, Jerome Ross, is an adult resident citizen of Pike County, Alabama, and at all times related herein was an employee of th Defendant, Tony Lester D/B/A Lester Logging, Goshen Alabama.

2. Ernestine Ross is the spouse of Jerome Ross and is an adult resident citizen of Pike County, Alabama.

3. The Defendant, Tony Lester D/B/A Lester Logging (hereinafter Lester) at all times hereto was the employer of Jerome Ross and was doing business in Pike County, Alabama.

4. The Defendant, Progressive Speciality Insurance Company, is the insurance company that insured the Defendant, Tony Lester's company vehicles. Said insurance included under-insured motorist coverage and medical coverage.

5. Fictitious Defendants A, B, C, is that person or entity that aided or contributed to, in

way, the damages or injuries suffered by the Plaintiff, Jerome Ross.

## FACTS

6. On or about June 21, 2005, the Plaintiff, while under the employment of the Defendant, Lester Logging, was traveling on U.S. Highway 231 in Pike County, Alabama, when vehicle was      by another vehicle driven by Brandon Cavottes Neal.

7. As a direct result and proximate consequence of the traffic accident, the Plaintiff d injuries and damages. Soon after the accident he became lame and sore, suffered pain ir. his back, shoulders, arms, and lower extremities. The Plaintiff undertook medical treatment for his injuries and has continued to do so to date.

8. While the Plaintiff did return to work, his functions were limited because of his pain. The Plaintiff took pain medication and drank. alcoholic beverages because of pain in attempt to cope.

9. The Defendant, Lester Logging, eventually terminated the Plaintiffs employment of his alcohol use and inability to work.

10. At the time of the Plaintiffs accident, he had an average income of $16.31 per $652.42 per week; or $2,827.17 per month while      for the Defendant Lester.

11. Because of the Plaintiffs injuries, he has been unable to return to substantial employment. The Plaintiff has incurred numerous medical bills and has been informed that he will need one or more operations on his back in order to repair ruptured disks.

12. The Plaintiff filed a claim against the driver and owner's insurance carrier, and received policy limits as to their insured. However, the policy limits received in the amount of $20,000.00, does not cover all of the Plaintiffs injuries and damages nor

           it cover medical costs to date. Furthennore, the Plaintiff needs one or more costly operations on his back that have not been paid for and are estimated to exceed $40,000.00.

13.    The Plaintiff was covered under the Defendant. Tony Lester's, insured motorist coverage at the time of the accident. Said coverage included stacking for two vehicles.

## COUNT ONE

14.    The Plaintiff realleges and adopts all of the preceding as if stated herein full.

15.    On or about June 21. 2005, the Plaintiff was injured in an automobile accident while driving for the Defendant, Tony Lester.

16.    At the time of the Plaintiffs accident, he had an average weeks wage of $652.42.

17.    The Defendant had timely notice of the accident, the injuries, and disabilities the Plaintiff incurred, including pain in his back, spine, and neck and injuries thereto.

18.    After the accident, the Plaintiff was required to seek medical attention and requires surgery. He further suffers from a permanent total disability.

19.    The Defendant has failed to pay any disability benefits, and has failed to pay any of Plaintiff's necessary and reasonable medical expenses.

20.    The Defendant has failed to pay all disability benefits to which the Plaintiff is and has failed to pay all reasonable and necessary medical expenses.

21.    Plaintiff and Defendant are subject to the Worker's Compensation Act of the State of Alabama.

     WHEREFORE, the Plaintiff demands judgement against the Defendant for all compensation and medical expenses to which the Plaintiff is entitled under the Worker's Compensation Act of the State of Alabama, as amended.

## COUNT TWO

22. The Plaintiff realleges and adopts all of the preceding paragraphs as if stated herein full.

23. On or about June 21, 2005, the Plaintiff was injured in an automobile accident while driving for the Defendant, Tony Lester.

24. While driving for the Defendant, the Plaintiff was covered under two of the uninsuredlunder-insured motorist policies. The Plaintiff settled for policy limits against the driver and owner's liability policies that were involved in the accident with the Defendant Lester's insurance companies knowledge and pennission.

25. The Plaintiffs injuries and damages far exceed the available amounts of the driver and owners of the other vehicle's policy limits. The Plaintiff further will require one or surgeries on his back and spine that are reasonable and necessary in the future due to injuries.

26. Prior to filing suit in this case, the Plaintiffs attorney on the Plaintiffs behalf made an oral and written demand to the Defendant, Progressive Speciality Insurance Company. all applicable policy limits of insurance available through Defendant Lester's uninsured/under-insured motorist coverage with Progressive.

27. The Defendant, Progressive Speciality Insurance Company, negligently, wantonly, in faith, fraudulently, outrageously, and wrongly, failed or refused to settle the aforementioned claim.

28. The Defendant, Progressive, had no just reason to deny settling the underlying claim within policy limits, especially in light of an previous demands made.

29. The Defendant, Progressive, had no just or reasonable basis for denying the

aforementioned underlying claim and further failed to conduct a reasonable investigation into the claim before denying the same. The above action and/or inaction of the Defendant constitutes bad faith in refusing to pay the claim and said bad faith caused the Plaintiff to suffer damages. injuries, and mental anguish as a proximate thereof.

WHEREFORE, the Plaintiff demands judgement against the Defendant in the sum of $300,000.00 for compensatory and punitive damages, together with interest and costs of this proceeding.

## COUNTTBBEE

30. The Plaintiff realleges all of the preceding paragraphs as if set forth herein full.

31. On or about June 21, 2005, the Plaintiff was injured in an automobile     while driving for the Defendant, Tony Lester.

32. Fictitious Defendant(s) A, B, C, is that person or entity that aided in the actions of the Defendant, Lester, and/or the Defendant, Progressive, whose identity is unknown at time, but after reasonable investigation and discovery, will be obtained. Fictitious Defendant(s) A, B, C's actions or inactions caused or proximated the damages or to the Plaintiff in the automobile      or investigation and claims related thereafter.

33. Fictitious Defendant(s) A, B, C, conspired with, aided, assisted, or contributed to the actions of the Defendant, Lester, and/or the Defendant, Progressive, and their negligent, wanton, outrageous, fraudulent, bad faith actions proximately caused the Plaintiff's injuries and damages.

WHEREFORE, the Plaintiff demands judgement against Defendant(s) A, B, C in the amount of 5300,000.00 for compensatory and punitive actions, and together with interest costs of this proceeding.

## COUNT FOUR


court or jury may find to be just and reasonable, plus court costs.

                                                                                    */s/ William K. Abell*
                                                                                    William K. Abell **(ABE001)**

## JURy DEMAND

The Plaintiffs demand a trail by jury on all          so triable.

OF COUNSEL:
AbeD & Associates
4171 Lomac        Suite 0
Montgomery, AL 36106
(334) 271-8008

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing document to all counsel of record, as listed below, by electronically filing, on this the 1tb day of May, 2008.

                                                                                    */s/ William K. Abell*
                                                                                    OF COUNSEL

Larry Bradford, Esq.
Bradford &         P.C.
2020 Canyon Road, Suite 100
Binningham, AL 35216