IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DMSION

| | |
|---|---|
| JEROME ROSS and <br> ERNESTINE ROSS, <br><br> Plaintiffs, <br> v. <br><br> PROGRESSIVE SPECIALTV <br> INSURANCE COMPANY, <br><br> Defendant. | * <br> * <br> * <br> * <br> * CIVIL ACTION NO.: <br> * <br> * <br> * <br> * <br> * |

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Comes now the Plaintiff by and thorough Counsel in response to this Court's Order to show cause issued on May 5, 2008 and stats as follows:

1. That the Plaintiff Jerome Ross came to Attorney office on April 28, 2008.

2. The Attorney for Plaintiff Jerome and Ernestine Ross bad withdrawn from this case.

3. That there was a deadline to respond to the Defendant's Motion for Summary Judgement due on April 30, 2008.

4. That William K. Abell agreed to file a Special Appearance in the above styled cause for purposes of requesting a continuance as to the Summary Judgement Response.

5. While reviewing the facts and the case file it appeared that this was not a case of bad faith refusal to honor an insurance claim, but merely a breach of contract for failing to pay the         uninsured lunderinsured motorist claim.

6. Mr. Abell then filed a Motion to Amend the Complaint with this Court.

7. The Motion was rejected.         lawyer was contacted by the Court Clerk's office.

8. According to the Clerk the proposed Motion to Amend Complaint was to be accompanied by the Amended         which Plaintiff's attorney failed to do. In addition the office of the Clerk said that the amendment was to contain all of the allegations in the original Complaint in addition to the amendments.

9. Plaintiff's lawyer did as instructed and filed a proposed amended containing all of the prior allegations with a request that they be stricken and the allegations to be

contained in the Amended Complaint.

10. Please see the attached substitute Motion to Amend Complaint and the attached proposed substitute Amended Complaint.

11. I apologize for these errors and state that they were made due to time constraints and the fact that I rarely appear in the United States District Court.

12. The Plaintiff shows that leave should be granted for the following reasons:

   a) That the Amended Complaint contains some of the allegations contained in the original Complaint.
   b) That the Amended Complaint confonns the pleadings to the evidence and are allowed at anytime.
   c) That the Amendment constitutes the relief available rather than expanding it. Further, the amendment simplifies the case.
   d) That the Defendant is not prejudiced by the amendment and in fact it reduces the scope of their liability.
   e) That these amendments are to be freely allowed when justice so requires as in the present case.

Respectfully submitted, this the 19th day of May, 2008.

/s WILLIAM K. ABELL
WILLIAM K. ABELL (ABE001)
Attorney for Plaintiff

OF COUNSEL:

ABELL & ASSOCIATES, LLC
4171 Lomac Street, Suite D
Montgomery, Alabama 36106
(334)271-8008

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing document to all counsel of record, as listed below, by electronically filing, on this the ___ day of May, 2008.

/s WILLIAM K. ABELL
OF COUNSEL

Larry Bradford, Esq.
Bradford & Sears, P.C.
2020 Canyon Road, Suite 100
Birmingham, AL 35216

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEROME ROSS and <br> ERNESTINE ROSS, <br><br> Plaintiffs, <br> v. <br><br> PROGRESSIVE SPECIALTY <br> INSURANCE COMPANY, <br><br> Defendant. | * <br> * <br> * <br> * <br> *    CML ACTION NO.: 2:07-cv-792-WKW <br> * <br> * <br> • <br> * <br> * |

### SUBSTITUTED MOTION FOR LEAVE TO AMEND COMPLAINT

COMES now the Plaintiff, and moves this Honorable Court to enter an Order granting said Plaintiff leave to amend his complaint in the above styled cause and as grounds therefore states as follows:

1. That the original Complaint sought relief in Count I for workers compensation benefits over which this Court has no jurisdiction.

2. Count II contained allegations of bad faith and wantonness when in fact the Plaintiff can only prove that the Defendant failed to honor or reasonably act on this claim, these actions constitute an uninsured claim which is in the nature of a contract action.

3. Count ill pertains to fictitious parties. The Plaintiff deems at this time that such pleadings are unnecessary and should be deleted from the amendment.

4. Count IV of the Complaint is for loss of services and consortium on behalf of the wife which are also being deleted from the amendment.

5. Allegations 2, 3, 5, 10 of the original Complaint are no longer necessary and are deleted in the amended Complaint. All of Count n is substituted or deleted from the Amended Complaint. And Complaint for uninsured/underinsured motorist substituted.

WHEREFORE, PREMISES CONSIDERED, this Attorney requests this Court enter an Order granting Plaintiff's Substituted Motion For Leave To Amend Complaint.

/s/ WILLIAM K. ABELL
William K. Abell (ABEOOl)

OF COUNSEL:
Abell & Associates, LLC
4171 Lomac Street, Suite D
Montgomery, AL 36106
(334) 271-8008

## CERTIDCATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing docwnent to all counsel of record, as listed below, by electronically filing, on this the 19th day of May, 2008.

                                                                                                    /s/ WILLIAM K. ABELL
                                                                                                    OF COUNSEL

Larry Bradford, Esq.
Bradford & Sears, P.C.
2020 Canyon Road, Suite 100
Binningham, AL 35216

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DMSION

| | | |
|---|---|---|
| JEROME ROSS and ERNESTINE ROSS, | * * * | |
| Plaintiffs, | * | |
| v. | * * | CIVIL ACTION NO.: 2:07-cv-792-WKW |
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | * * * | |
| Defendant. | * | |

## AMENDED COMPLAINT

### PARTIES

1. The Plaintiff, Jerome Ross, is an adult resident citizen of Pike County, Alabama, and at all times related herein was an employee of th Defendant, Tony Lester D/B/A Lester Logging, Goshen Alabama

3. The Defendant, Tony Lester D/B/A Lester Logging (hereinafter Lester) at all times hereto was the employer of Jerome Ross and was doing business in Pike County, Alabama

4. The Defendant, Progressive Speciality Insurance Company, is the insurance company that insured Tony Lester's company vehicles and the Plaintiff's individual vehicles. Said insurance included under-insured motorist coverage and medical coverage.

### FACTS

6. On or about June 21, 2005, the Plaintiff, while under the employment of the Defendant, Lester Logging, was traveling on U.S. Highway 231 in Pike County, Alabama, when his vehicle was struck by another vehicle driven by Brandon

        Cavottes Neal, an underinsured motorist.

7. As a direct result and proximate consequence of the traffic the Plaintiff sibstained injuries and damages. Soon after the accident he became lame and sore, suffered pain to his back, shoulder, spine, neck and lower extremities.. The Plaintiff undertook medical treatment for his injuries and has continued to do so to date.

8. While the Plaintiff did return to work, his functions were limited because of his pain. The Plaintiff took pain medication and drunk alcoholic beverages in an attempt to cope with pain.

9. The Defendant, Lester Logging, eventually terminated the Plaintitrs employment because of his alcohol use and inability to work..

10. The Plaintiff filed a claim against the driver and owner's insurance carrier, and received policy limits as to their insured. However, the policy limits received in the amount of $20,000.00, does not cover all of the Plaintiffs injuries and damages nor does it cover medical costs to date. Furthermore, the Plaintiff needs one or more costly operation on his back that have not been paid for and are estimated to exceed $40,000.00.

11. The Plaintiff was covered under Tony Lester's and Ernestine Ross's under-insured motorist coverage at the time of the accident. Said coverage included stacking for two vehicles.

## COUNT ONE

12. The Plaintiff realleges and adopts all of the preceding paragraphs as if stated herein full.

13. The Defendant issued a policy of automobile insurance to Plaintiff, Plaintiff's wife, Ernestine Ross and Tony Lester, owner of the vehicle which included under-insured motorist coverage and medical coverage. Said policy was in force on the date of the

collision.

14. On or about the 21- day of June, 2005, in Pike County, Alabama, Plaintiff was injured in a collision with a vehicle negligently operated by Brandon Cavottes Neal, who was at that time an under-insured motorist.

15. As a proximate result of the negligence of said under-uninsured motorist, Plaintiff was caused to suffer and incur injuries and damages to his back., shoulder, spine, neck and lower extremities.

16. On or about May 2007, the Plaintiff made a claim with the Defendant for benefits under the under-insured motorist provisions of said policy.

17. Defendant denied said claim or has failed to reasonably act on said claim.

WHEREFORE, the Plaintiff demands judgement against the Defendants in the sum of $80,000.00, plus costs.

/s/ WILLIAM K. ABELL
William K. Abell (ABEOOl)

### JURy DEMAND

The Plaintiffs demand a trail by jury on all issues so

OF COUNSEL:
Abell & Associates
4171 Lomac Street, Suite D
Montgomery, AL 36106
(334) 271-8008

### CERTIFICATE OF SERVICE

I hereby         that 1 have served a true and correct copy of the foregoing document to all counsel of record, as listed below, by electronically filing, on this the     day of May, 2008.

OF COUNSEL

Larry Bradford, Esq.
Bradford & Sears, P.C.
2020 Canyon Road, Suite] 00
Binningham, AL 35216